IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY F. | : | JURY TRIAL DEMANDED |
| ZACHARY F. | : | |
| 117 North Essex Ave. | : | |
| Apt B201 | : | |
| Narberth, PA 19804 | : | |
| | : | CIVIL ACTION NO. 23-cv- |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SOVEREIGN PROPERTY | : | |
| MANAGEMENT, | : | |
| 100 Lerch Circle | : | |
| Suite 301 | : | |
| Newport, DE 19804 | : | |
| | : | |
| Defendant. | : | |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

AND NOW, comes plaintiffs by and through their attorneys, and demand injunctive relief and damages from defendant, and in support thereof set forth the following allegations and claims in this Complaint:

I. THE PARTIES

1. Plaintiff Gregory F. is a Pennsylvania resident residing at 191 Presidential Boulevard in Bala Cynwyd, PA 19004. He is a Pennsylvania resident and the father of Zachary F. He brings this action in his own right, as a co-signer of the lease entered into by Zachary for an apartment in a building owned and managed by defendant.

2. Plaintiff Zachary F. is a Pennsylvania resident residing at the Brenton Hall Apartments, 117 North Essex Avenue, Apt. B201, in Narberth, PA ("the leased premises"). He is

a Pennsylvania resident. Zachary F. has been diagnosed as being on the Autism Spectrum and with Intellectual or Developmental Disability ("IDD"), and he has received and continues to receive medical and therapeutic treatment on a weekly basis for his condition.

3. On information and belief, at all times relevant to this proceeding, defendant Sovereign Property Management ("Sovereign"), the apartment building owner and manager, has been aware of Zachary F.'s condition.

4. Defendant Sovereign is a Delaware corporation with its principal place of business at 100 Lerch Circle, Suite 301, Newport, Delaware 19804, and it is the owner and/or manager of the leased premises, and thus is doing business in this District..

## II.  JURISDICTION AND VENUE

5. This is a civil action seeking injunctive relief and money damages from defendant for committing acts in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3619, which are depriving plaintiff Zachary F. and his father of rights secured to them under these laws and under the law of Pennsylvania.

6. This Court's jurisdiction to adjudicate plaintiffs' claims is predicated, *inter alia*, upon 28 U.S.C. §§ 1331 and 1343. Plaintiffs' federal claims arise pursuant to the Fair Housing Act, specifically 42 U.S.C. § 3613(a)). Plaintiffs also invoke the Court's supplemental jurisdiction pursuant to 28 U.S. C. §1367.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because plaintiffs reside in the District, and because all claims arose within the District.

## III.  FACTUAL ALLEGATIONS

8. Plaintiffs incorporate herein by reference the averments set forth in preceding paragraphs 1 through 7.

9. Plaintiffs entered into a written lease for the leased premises on September 1, 2021 with a term of 12 months, automatically renewed upon the continued payment of rent by plaintiffs. Plaintiffs satisfied all conditions of the lease agreement and, in August 2022, defendant offered them the opportunity to renew the lease, which they did. *See* Exhibit "A."

10. On or about, September 25, 2022, another tenant at Brenton Hall called the Borough of Narberth Police Department with a complaint about Zachary F.. According to the Police Report, attached as Exhibit "B," a female tenant "was beginning to feel uncomfortable around Zachary" because he had left his apartment to greet her several times and had been wearing only his boxer shorts. The complainant said that Zachary did not show his genitals or touch himself, or her, and stated she did not want to press charges but wanted the police "to talk to" Zachary about his conduct.

11. The investigating officer noted in the incident report that, upon speaking with Zachary, it was immediately apparent that he had a developmental disability. *See* Exhibit "B." The officer talked briefly to Zachary and told him that he was not to leave his apartment unless fully clothed and that he should discuss the situation with his therapist, and Zachary agreed to do so. *Id.* No charges were filed, and there have been no further incidents involving Zachary.

12. Despite that, defendant subsequently advised Gregory F., Zachary's father, that they wanted Zachary to vacate the premises by October 31, 2022, apparently because Zachary had made the complaining female tenant "uncomfortable."

13. In an attempt to resolve the matter, the undersigned suggested to defense counsel that the plaintiffs were requesting a reasonable accommodation, namely that Zachary would agree not to leave his apartment unless fully dressed and, if he failed to comply, he would voluntarily agree to vacate the leased premises.

14. Defendant originally was unwilling to agree to that condition and insisted that Zachary vacate the leased premises, but then the parties reached a resolution of the matter consistent with the proposal set out above, which the parties entitled a *Tenancy Agreement*.

15. Thereafter, defendant beached that agreement and, notwithstanding the agreement reached in the *Tenancy Agreement*, issued a Notice to Vacate the premises on or about January 13, 2023. *See* Exhibit "C."

16. Plaintiffs bring this action because Zachary's conduct, while perhaps not appropriate, was neither violative of the law or the terms of the lease, but apparently created an issue for defendant because it believes that Zachary's disability makes him an undesirable tenant, and that Zachary's autism and IDD are such that Zachary cannot conform his behavior to the satisfaction of defendant. This unsupported supposition on defendant's part, that Zachary's disability makes him an undesirable or unattractive tenant for defendant and other residents, is precisely the sort of conduct that remedial statutes such as the FHA were intended to guard against.

17. At no time did Zachary engage in any overtly sexual conduct or touch himself or the complainant or display himself beyond what may be typically seen at a beach or swimming pool. Zachary did not engage in threatening or aggressive behavior, and further has agreed that the conduct cannot re-occur, and he understands the consequences if it does.

18. On the other hand, the eviction of Zachary by defendant under these circumstances will have a significantly deleterious impact on his effort to live independently as well as causing him deep personal shame, and undermine his sense of worth and confidence, all of which likely will cause lasting and irreparable consequences to him.

19. Defendant's explanation for its issuance of the Notice to Vacate, namely that it was unaware of the facts relating to the incident with Zachary F. when it entered into the *Tenancy*

*Agreement* is plainly pretextual and not the basis for its action. Defendant's assertion that the tenant subsequently obtained a Protection From Abuse ("PFA") order does not show that Zachary engaged in any other or further conduct. Further, on information and belief, it is averred that the tenant who obtained that PFA order has since moved out of the building and Zachary has, through counsel, moved to vacate the PFA order because, among other things, of a lack of adequate notice of the hearing and no showing that he had engaged in any threatening or abusive conduct under the PFA statute.

20.    That motion to vacate is pending in the Court of Common Pleas of Montgomery County, Pennsylvania as of the filing of this Complaint.

## IV.  CLAIMS

### COUNT I
### VIOLATION OF the FAIR HOUSING ACT

42 U.S.C.§3601 et seq.

21.    Plaintiffs incorporate herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 20 above.

22.    The FHA, in the context of protection for disabled persons, makes it unlawful to "discriminate in the sale or rental . . . [or] in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—

(A)  that buyer or renter;

(B)  a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1)-(2) (emphasis added).

23. Defendant's apartment building is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

24. Zachary F., a resident in the apartment building, is a person with disabilities within the meaning of 42 U.S.C. § 3602(h) and his father, Gregory, is a person associated with him and is a co-signer on the lease with his son.

25. Defendant's actions described above constitute:

a. discrimination in the sale or rental, or otherwise making unavailable or denying, a dwelling because of disability, in violation of the FHA, 42 U.S.C. § 3604(f)(1);

b. discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability, in violation of the FHA, 42 U.S.C. § 3604(f)(2); and

c. a refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person an equal opportunity to use and enjoy a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3).

## COUNT II

## BREACH OF CONTRACT

26. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

27. Defendant's actions constitute a breach of the terms of the lease agreement for the leased premises and an additional breach of the *Tenancy Agreement*.

28. As a result of defendant's breaches of contract, plaintiffs have been injured and are entitled to money damages.

<u>PRAYER FOR RELIEF</u>

Plaintiffs request that the Court order appropriate injunctive relief, including that:

A.  Defendant cease its policy and practice of refusing to rent to Zachary F. and take appropriate, nondiscriminatory measures to accept him as a tenant; and

B.  Defendant take affirmative steps as to its legal obligations under the FHA, including but not limited to providing training to its employees and agents, and supervision to prevent future unlawful housing discrimination, and publicly promoting anti-discrimination policy language in Defendant's' public-facing media and rental applications.

Plaintiffs further request that the Court:

C.  Award Plaintiffs monetary damages in an amount to be determined at trial;

D.  Award Plaintiffs reasonable attorneys' fees and costs;

E.  Award Plaintiffs punitive damages in an amount to be determined at trial; and

F.  Grant any such other relief as the Court may deem just and proper.

Respectfully submitted,<br>
ZARWIN, BAUM, DeVITO, KAPLAN,<br>
SCHAER & TODDY, P.C.<br>
<br>
<u>/s/ David F. McComb</u><br>
David F. McComb<br>
*Attorney ID No. 35754*<br>
dfmccomb@zarwin.com<br>
One Commerce Square<br>
2005 Market Street, 16th Floor<br>
Philadelphia, PA 19103<br>
(215) 569-2800<br>
Attorneys for Plaintiffs

DATED:  January 13, 2023