IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY F. : JURY TRIAL DEMANDED
ZACHARY F. :
117 North Essex Ave. :
Apt B201 :
Narberth, PA 19804 :
: CIVIL ACTION NO. 2:23-cv-00161
Plaintiffs, :
:
v. :
:
SOVEREIGN PROPERTY :
MANAGEMENT, :
100 Lerch Circle :
Suite 301 :
Newport, DE 19804 :
:
Defendant. : | |

## ORDER

AND NOW, this _____ day of January, 2023, upon consideration of plaintiffs' Motion to Proceed under a Pseudonym, and it appearing from the Complaint that the matter involves confidential issues relating to the plaintiff Zachary F.'s health and that those interests warrant confidential treatment and the preservation of his privacy interests are served by allowing this matter to proceed under a pseudonym, it is hereby ORDERED that the motion is granted.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY F. | : | JURY TRIAL DEMANDED |
| ZACHARY F. | : | |
| 117 North Essex Ave. | : | |
| Apt B201 | : | |
| Narberth, PA 19804 | : | |
| | : | CIVIL ACTION NO. 2:23-cv-00161 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SOVEREIGN PROPERTY | : | |
| MANAGEMENT, | : | |
| 100 Lerch Circle | : | |
| Suite 301 | : | |
| Newport, DE 19804 | : | |
| | : | |
| Defendant. | : | |

## MOTION TO PROCEED UNDER PSEUDONYM

### I.  INTRODUCTION

Plaintiffs, Gregory F. and Zachary F., move the Court to permit them to proceed in this action under a pseudonym with their identity being disclosed only to the Court and to defendant.[1] As set forth on the Complaint, Zachary F. asserts that he has been discriminated against because he has autism. Plaintiffs ask this Court to allow them to proceed under a pseudonym in order to protect Zachary F. from the very harm he is attempting to redress by filing this action, possible stigmatization if his identity and confidential health status were to be publicly disclosed.

### II.  DISCUSSION

The Court should grant Plaintiffs' motion in order to prevent the unnecessary disclosure of their identity. Maintaining confidentiality will protect Zachary's privacy and reputational

---

[1] Plaintiff will advise the Court by letter the identity of the plaintiffs. Defendant is aware of their identities.

1

interests, guard against the imposition of additional injury, and will not disadvantage defendant in any way.

Courts have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests. *See, e.g.*, *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) ("litigants may have a strong interest in protecting their privacy"); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'") (citation omitted). Perhaps the best-known utilization of the practice occurred in the United States Supreme Court's decision in *Roe v. Wade*, 410 U.S. 113 (1973).

This Court has permitted this practice in appropriate cases. *See, e.g., Doe v. Southeastern Pennsylvania Transp. Authority*, 886 F. Supp. 1186 (E.D. Pa. 1994) (permitting plaintiff to proceed under a pseudonym where the complaint asserted a wrongful disclosure of plaintiff's HIV status by the employer-defendant); *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997); *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001); *Doe v. United Behavioral Health*, 2010 WL 5173206 (E.D. Pa. 2010); *D.M. v. County of Berks*, 929 F. Supp. 2d 390 (E.D. Pa. 2013).

In *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit held that a plaintiff must "sufficiently allege that he or she has a reasonable fear of severe harm from litigating without a pseudonym," and endorsed a balancing test long since used by this District to determine whether a "plaintiff's interest and fear" outweigh the "public's strong interest in an open litigation process." *Id.* at 408-410 (citations omitted); *see Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). The nonexhaustive list of factors in favor of anonymity includes the following:

(1) the extent to which the identity of the litigant has been kept confidential;

(2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

(3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

(4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;

(5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and

(6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 467-68 (citation and quotation marks omitted).

Among the factors which militate against the use of a pseudonym are the following:

(7) the universal level of public interest in access to the identities of litigants;

(8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

(9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Applying these factors, it is apparent that Zachary F. has a reasonable fear of significant harm if denied the opportunity to pursue this action without a pseudonym and that his privacy and interests far outweigh the public's interest in full disclosure.

Zachary F.'s identity has remained confidential. He is not a public figure, nor does he seek to become one. He has not disclosed his involvement in this matter to those beyond his family and therapist.

Further, Zachary F. seeks to proceed using a pseudonym to minimize the undeniable privacy interests in not disclosing facts about his medical condition. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Public Law 104-191, was enacted on August 21, 1996, and Congress expressed the strong public interest in the confidentiality of an individual's medical information. Since public policy promotes the confidentiality of individuals' health information, it would be fundamentally unfair to require Zachary F. to be forced to give up that right in order to protect his other legal rights.

There is significant public interest in maintaining the confidentiality of Zachary F.'s identity and courts have found public interest in protecting the identities of parties where, as here, the issues involved are ones of a private, highly sensitive nature. *See, e.g. Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001); *D.M. v. County of Berks*, 929 F. Supp. 2d 390 (E.D. Pa. 2013); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006).

Zachary F. has no illegitimate or ulterior motive in seeking redress for defendant's conduct. While there is a general public interest in access to the identities of litigants, that interest is present in all civil actions and does not outweigh the factors in support of anonymity if they are found to "tip in favor of plaintiff's use of a pseudonym." *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997).

Accordingly, Plaintiffs requests that their motion be granted.

III. <u>CONCLUSION</u>

For all of these reasons, Plaintiffs request that their motion to proceed under a pseudonym be granted and the Court enter the proposed attached order and direct that all future filings utilize that caption.

           Respectfully submitted,

           <u>/s/ David F. McComb</u>
           DAVID F. McCOMB
           ZARWIN, BAUM, DeVITO, KAPLAN,
           SCHAER & TODDY, P.C.
           One Commerce Square, 2005 Market Street
           16th Floor
           Philadelphia, PA 19103
           Tel. 215-569-2800
           Fax. 215-569-1606

DATED: January 13, 2023