IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY F., et al.**, *Plaintiffs*, v. **SOVEREIGN PROPERTY MANAGEMENT**, *Defendant*. | Case No. 2:23-cv-00161-JDW |

### ORDER

**AND NOW**, this 16th day of February, 2023, upon review of Plaintiffs' unopposed Motion To Proceed Under Pseudonym (ECF No. 2), I note the following.

1. Federal Rule of Civil Procedure 10(a) requires all parties to be named in the case caption. *See* Fed. R. Civ. P. 10(a). This rule "illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quotation omitted). Indeed, "[t]he people have a right to know who is using their courts." *Id.* (same). Thus, a party will be permitted to proceed on an anonymous basis only in "exceptional cases." *Id.* The potential for embarrassment is not sufficient. *Id.* Instead, to proceed using a pseudonym, the movant "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quotation omitted).

2. Plaintiffs point to two alleged harms that they fear will occur if their identities are disclosed: (a) "possible stigmatization" and (b) disclosure of Zachary F.'s confidential health information. (ECF No. 2 at 1, 4.) Aside from their single, conclusory reference to possible stigmatization, Plaintiffs do not expand on this issue further. Indeed, they do not explain why, or how, Zachary would be stigmatized if his or his father's full names are revealed in this lawsuit, and I do not have any argument (or evidence) to convince me that would happen.

3. Zachary F. has articulated a fear of severe harm of having his private health information, *i.e.* his autism diagnosis, made public. Where a party establishes a reasonable fear of severe harm, I must consider a variety of factors to determine whether that party's reasonable fear of severe harm outweighs "the public's strong interest in an open litigation process." *Megless*, 654 F.3d at 408. Factors weighing in favor of anonymity include: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*Id.* at 409 (quotation omitted).  On the other hand, factors disfavoring anonymity include: "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Id.* (same).

4. None of these factors sheds much light here. The only factor that weighs against anonymity is the public's interest in knowing who litigants are. On the other hand, only factor that favors anonymity is the Plaintiffs' understandable desire to keep Zachary F.'s health information confidential. But the simple fact of disclosure of health information is not enough to overcome the public's interest in knowing who the parties before the Court are. Indeed, a substantial part of my docket consists of people whose medical condition is central to the case and therefore a subject of disclosure. It happens in ADA cases and personal injury cases, just to name two. Parties in those cases don't get to proceed anonymously, even though their health information is at issue.

5. Because nothing in the record makes this case "exceptional" and justifies deviation from the norm that requires parties disclose their identities, I will deny the Motion.

In light of the foregoing, it is **ORDERED** that Plaintiffs' Motion To Proceed Under Pseudonym (ECF No. 2) is **DENIED**.  It is **FURTHER ORDERED** that on or before February 23, 2023, Plaintiffs shall file an Amended Complaint using their full names.

                                          **BY THE COURT:**

                                          */s/ Joshua D. Wolson*
                                          JOSHUA D. WOLSON, J.