IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY FAMOUS AND ZACHARY FAMOUS**<br><br>PLAINTIFFS,<br><br>v.<br><br>**SOVEREIGN PROPERTY MANAGEMENT, LLC**<br><br>DEFENDANT. | **CIVIL ACTION NO. 2:23-CV-00161-JDW** |

**ANSWER OF DEFENDANT SOVEREIGN PROPERTY MANAGEMENT, LLC TO THE AMENDED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF OF PLAINTIFFS GREGORY FAMOUS AND ZACHARY FAMOUS WITH SEPARATE DEFENSES**

Defendant, Sovereign Property Management, LLC (hereinafter "Sovereign"), by and through its counsel, Reilly, McDevitt & Henrich, P.C., hereby answers the Complaint and Request for Injunctive Relief of Plaintiffs, Gregory Famous and Zachary Famous (hereinafter, "Plaintiffs"), and states as follows:

1. Denied. Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph of Plaintiffs' Complaint and said averments are therefore denied.

2. Admitted in part; denied in part. It is admitted that Plaintiffs leased an apartment at Brenton Hall Apartments, 117 N. Essex Avenue, Apartment B201, in Narberth, PA. The remaining averments are denied as, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of these averments and said averments are therefore denied.

3. Denied as stated: Without other and further pleading defining the terms referenced in this

paragraph of Plaintiff's complaint, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph and said averments are therefore denied.

4. Admitted.

5. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

6. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

7. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

8. Answering Defendant incorporates the responses to Paragraphs 1-7 as if each were set forth fully herein at length.

9. Admitted in part; denied in part. It is admitted Plaintiffs entered into a written lease for the leased premises on September 1, 2021 and that the initial term was twelve (12) months. The remaining averments are denied as, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truths of these averments and said averments are therefore denied.

10. Admitted in part; denied in part. It is admitted that a complaint was made to the Police by a resident on or about September 25, 2022. It is admitted that a writing attached to the complaint purports to be a police report. Answering Defendant does not admit or deny the truth of the statements contained therein as Answering Defendant is without sufficient

information or knowledge to form a belief as to the truth of such statements.

11. Admitted in part; denied in part. It is admitted that a writing attached to the complaint purports to be a police report.  Answering Defendant does not admit or deny the truth of the statements contained therein as Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of these such statements. It is specifically denied that there have been no further incidents involving Plaintiff, Zachary Famous, or that those averred herein constitute the extent of inappropriate conduct or contact with the complainant identified on the police report or other residents in the building.  To the contrary, an affidavit provided to Answering Defendant on November 30, 2022 by the attorney for the complainant identified on the police report was provided as support for a Petition for Protection from Abuse Order filed in The Court of Common Pleas of Montgomery County, Pa. That affidavit detailed other incidents and additional conduct occurring prior to and subsequent to the police encounter including conduct not disclosed to Answering Defendant before November 30, 2022. In addition, two other female residents of the apartment made complaints regarding the conduct of the Plaintiff.

12.  Admitted in part; denied in part. It is admitted only that, based on information received from three female residents alleging inappropriate and alarming conduct, Plaintiff, Zachary Famous, was notified to move out of the property. The remaining averments of this paragraph are denied as, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of these such statements.

13. Admitted in part; denied in part. It is admitted that on October 13, 2022, counsel for Plaintiffs made a request for a reasonable accommodation citing The Americans with Disabilities Act and the Fair Housing Act contending that Plaintiff was on the autism spectrum and proposing that he be allowed to remain in the apartment upon certain

conditions. The remaining averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

14. Admitted only that, in reliance upon statements made by Plaintiff's counsel asserting that Plaintiff's objectionable conduct was of limited extent and duration and that it was connected to his asserted disability, a Tenancy Agreement containing specific Terms and Conditions was circulated and executed. To the extent this paragraph of Plaintiffs' complaint avers any lawful or binding agreement was entered into at any time such averments are denied as they constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and deemed denied.

15. Admitted in part; denied in part. It is admitted that, based on information received from an attorney for another resident which included details describing conduct toward that resident of greater extent and duration than previously revealed and, additionally, as per the information contained in an affidavit filed by that resident in support of a Protection from Abuse order which was filed by that resident as well as based on complaints from two other residents and also as per the provisions of the lease, Answering Defendant directed that Plaintiff Zachary Famous should vacate the building. The remaining averments of this paragraph are denied as conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

16. Denied. All factual averments are denied as stated. The remaining averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

17. Denied. All factual averments are denied as stated. To the extent any portions of these averments constitute conclusions of law no response is required under the applicable Rules

of Civil Procedure and they are therefore deemed denied. The remaining averments of this paragraph are denied as Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of these averments.

18. Denied. All factual averments are denied as stated. To the extent any portions of these averments constitute conclusions of law, no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied. The remaining averments of this paragraph are denied as Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of these averments.

19. Denied. All factual averments are denied as stated. To the extent any portions of these averments constitute conclusions of law no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied. The remaining averments of this paragraph are denied as, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of these averments.

20. Denied. Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of these averments.

## COUNT I

21. Answering Defendant incorporates the responses to Paragraphs 1-20 as if each were set forth fully herein at length.

22. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

23. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

24. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

25. Denied. The averments of this paragraph and its subparagraphs constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied. By way of further answer, Answering Defendant specifically denies it discriminated in any manner in violation of the FHA, 42 U.S.C. §3604(f)(1), (f)(2), or (f)(3), or otherwise or that its conduct, either generally, or as alleged in subparagraphs (a-c) was in violation of the specific Act cited or any law.

## COUNT II

26. Answering Defendant incorporates the responses to Paragraphs 1-25 as if each were set forth fully herein at length.

27. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

28. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied. The remaining averments of this paragraph are denied as, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of these such averment.

**WHEREFORE,** Answering Defendant denies liability to Plaintiff, and demands judgment in its favor and against Plaintiff along with costs, attorney's fees, and/or such other relief as this Court deems equitable and just.

**SEPARATE DEFENSES**

1. Plaintiffs, through their agent, made statements to Answering Defendant upon which Defendant detrimentally relied and such statements misrepresented the scope, duration and nature of the conduct engaged in by Plaintiff such that Plaintiffs' claims and request for equitable relief should barred in whole or in part by the doctrine of estoppel.

2. Plaintiffs, through their agent, made statements to Answering Defendant which misrepresented the scope, duration and nature of the conduct engaged in by Plaintiff such that Plaintiffs' claims and request for equitable relief should barred in whole or in part by the doctrine of unclean hands.

3. Plaintiffs, through their agent, made statements to Answering Defendant which misrepresented the scope, duration and nature of the conduct engaged in by Plaintiff such that Plaintiffs' claims and request for equitable relief should be barred in whole or in part by Fraud.

4. Plaintiffs' claims for breach of contract are barred in whole or in part as due to Mistake as Defendant's information regarding the conduct of Plaintiff was false or incomplete and the enforcement of its terms would be unconscionable.

5. The claims of Plaintiffs are barred in whole or in part because Plaintiffs posed a direct threat to the health and safety of themselves or others that could not have been eliminated by reasonable accommodation.

6. Plaintiffs' claims are barred because any accommodation Plaintiff requested was unreasonable and/or would have constituted an undue hardship.

7. Plaintiffs' demands for damages and equitable remedies are barred as after acquired evidence of their prior misconduct that would have otherwise supported an adverse

action.

8. Plaintiffs' demands for damages and equitable remedies based on breach of contract are barred due to mutual or unilateral mistake.

9. Plaintiffs' claims are barred as they violated the terms of the lease then in existence.

10. Answering Defendant avers that Plaintiffs action should be barred or limited as Plaintiffs failed to adhere to the terms of the lease and the specified and delineated rules for residents.

## PRAYER FOR RELIEF

**WHEREFORE**, Answering Defendant denies liability to Plaintiffs or that injunctive relief is required or proper under the circumstances and demands judgment in its favor and against Plaintiffs along with costs, attorney's fees, and/or such other relief as this Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury on all issues that are so triable.

Respectfully Submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

*/s/    Gino P. Mecoli*
By:    Gino P. Mecoli, Esq.
       Attorney for Defendant, Sovereign
       Property Management, LLC

Dated: February 24, 2023