IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY F. AND ZACHARY F.<br><br>PLAINTIFFS,<br><br>v.<br><br>SOVEREIGN PROPERTY MANAGEMENT, LLC<br><br>DEFENDANT. | CIVIL ACTION NO. 2:23-CV-00161-JDW |

**JOINT RULE 26(f) REPORT**

Following a fulsome discussion, as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

**I.     Counsel**

    A.     Lead counsel for Plaintiff(s):  David F. McComb, Esquire

    B.     Lead counsel for Defendant(s): Gino P. Mecoli, Esquire

    C.     All counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

    David F. McComb, Esq.

    D.      All counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

    Gino P. Mecoli, Esquire

## II. Description of Claims and Defenses

<u>Plaintiffs' Statement of Facts Supporting Claims</u>

Plaintiffs will not repeat the allegations of their Complaint here.

The primary issue presented in this case is the motivation for defendant's efforts to evict Zachary F. from his apartment. As an action brought under the Fair Housing Act, this Court will apply the familiar shifting burden analysis employed in discrimination cases, namely that after the assertion of a *prima facie* case of Zachary F. showing a disability (Autism and IDD) and suffering a threatened eviction from his apartment, defendant must then show that it had a legitimate, non-discriminatory purpose for its actions.[1] Plaintiff bear the burden of showing that such statements are pretexual and the real motivation was unlawful discrimination.

Central to this inquiry, Plaintiffs' discovery will focus on what defendants knew about the conduct purportedly engaged in by Zachary F. Among those issues, is whether defendant had a good faith basis for asserting that Zachary's appearance in a common hallway wearing his boxer shorts constituted "indecent exposure," [2] whether defendant was aware that the complaining resident admitted to the Narberth Police that Zachary had not exposed his genitals to her and thus had not engaged in indecent exposure, and whether the complaining resident relayed her concerns that Zachary had "followed" her to defendant and the part, if any that such assertions played in motivating its conduct.

After the Complaint in this action was filed and despite the Complaint's request for injunctive relief to enjoin the unlawful eviction of Zachary F., defendant filed for eviction of Zachary F. in the Magisterial District Court – 38-1-07 in Narberth on January 31, 2023. Defendant's papers did not mention the pendency of this action nor did it advise that court discuss that Zachary F. had moved to vacate the Protection from Sexual Abuse Order entered (on a default basis) by the Family Court Division of Montgomery County Court of Common Pleas.

The District Justice declined to hear the matter given the pendency of this proceeding and the one in Family Court. In addition, in response to questioning by the District Justice, counsel for defendant (not defense counsel in this action) conceded that: (1) there was a Tenancy Agreement entered into by the parties that prohibited Zachary F. from leaving his apartment unless fully dressed; and (2) defendant did not assert that Zachary F. had breached the Tenancy Agreement. Rather, defense counsel asserted that its latest efforts to evict Zachary F. resulted from a greater understanding of the conduct he engaged in before the parties entered in to the Tenancy Agreement. While, as noted, the District Justice declined to hear the matter, it did opine that as the

---

[1] *Community Services, Inc. v. Wind Gap Municipal. Auth.,* 421 F.3d 170, 176 (3d Cir. 2005).

[2] To be entitled to relief under the Pennsylvania Protection of Victims of Sexual Violence or Intimidation Act, 42 PA. C.S.A. §§62A01-62A20, a complainant must establish that she was a victim of sexual violence. *Id*. The statute refers to 18 Pa CSA Chapter 31, which includes "indecent exposure" as a predicate offense, but the definition of indecent exposure requires that the defendant display his or genitals in a public place. Zachary F/s limited forays into a the apartment hallway wearing his boxer shorts does not constitute indecent exposure.

3

-
-
-

Tenancy Agreement was drafted, reviewed and revised by the parties' counsel, he saw no basis for disregarding its plain language and meaning.

Defendant's Facts and Defenses

Defendant's defenses are set forth in its Answer.

Defendant's defenses for fraud, mistake and estoppel will be proven based on information provided to defendant regarding the extent, duration and scope of the conduct entered into by Plaintiff including what was stated, misunderstood, not revealed, partially presented or misrepresented and/or misleading by omission.

The information regarding the health and safety of the other residents and the undue hardship providing the accommodation demanded would cause will include evidence of the conduct itself, the reaction and response from other residents, the history of rentals and the costs associated with empty apartments in the building and having to rent mid-lease. The defendant will also present proofs regarding the conduct as alleged by the three other residents violates the terms of the lease/tenancy agreements.

Defenses include a challenge that the conduct alleged is required based on the specific disability claimed; that the terms of the lease allows for Plaintiff's separation from the building as a result of the conduct alleged; that the issues were not resolved by accommodating Ms. Barberis' request for accommodation and moving her to another apartment; that the placement of the accommodation requested will cause on going and undue hardship to the Defendant; that the alarming and inappropriate nature of the conduct adversely affects the health and safety of the other residents of the building; that a reasonable accommodation does not exist based on the disability/condition alleged by the Plaintiff.

### III.  Anticipated Scope of Discovery

With respect to specific discovery requests, plaintiffs will seek all email communications and other communications between defendant and the complaining witness and her counsel, all documents reflecting what investigation, if any, was done by defendant prior to initiating the eviction of Zachary F., all witness statements and other documents relating to any other complaints against Zachary F, all communications between defendant and plaintiffs relating to the apartment and issues raised in the litigation and all non-privileged communications between defendant's employees and managers regarding these subjects.

Plaintiff will thereafter take the depositions of the complaining resident and any other resident who complained about Zachary F, defendant's building manager and likely a Rule 30(b)(6) deposition of defendant's corporate representative who apparently made the decision to proceed with the eviction.

Defendant will seek the depositions of the residents making complaints including Ms. Barberis and the police officers who attended the scene after Ms. Baraberis' complaint and the Plaintiffs regarding the actual events giving rise to the action by the defendants. The defense will take the deposition of the social worker identified by Plaintiff's or any other person providing treatment to Plaintiff Zachary Famous. Defendants may employ an expert to review information and records regarding Plaintiff's conduct and treatment and offer opinions about whether Plaintiff can successfully live on his own without violating the Terms of the lease to address the issue as to whether the accommodation sought is reasonable or possible.

A. Anticipated number of interrogatories per Party:

   Plaintiff           25

   Defendant           25

B. Anticipated number of depositions per Party:

   Plaintiff           5 (see above)

   Defendant: 10 depositions consisting of the resident complainants, Plaintiffs and Zachary Famous' Mother and police officers who came to the scene, the licensed social worker identified by Plaintiffs and Elise Barberis's male friend who was present when the police arrived.

C. To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal. N/A

D. Do the Parties anticipate the need for any third-party discovery? If so, identify the likely third-parties and the discovery to be sought. <u>Defendant will seek records and depositions regarding the connection of disability and accommodation and deposition of social worker. Both Parties will seek depositions of police officers and three residents making complaints</u>.

3

      E.    Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine. Defendant may consult and present an expert in <u>connection with the question of the accommodation requested and the disability identified. Defendant may retain an expert to evaluate whether the accommodation sought is reasonable.</u>

      F.    Does the plaintiff expect to request attorneys' fees as a prevailing party, either pursuant to a contract or a statute? If so, state the basis for the expected request. Yes, Plaintiff will request fees.

      G.    Has each Party provided written notice to the client of the obligation to preserve all relevant material, including electronic records?

          Plaintiff   <u>Yes</u>

          Defendant   <u>Yes</u>

**IV.**    **Status of Discovery**

Rule 26 disclosures have been completed and dates for depositions provided

**V.**    **Proposed Case Management Deadlines**

When completing this section, the Parties should presume that the Court will **not** bifurcate fact and expert discovery. Therefore, the Parties should propose dates that have expert discovery taking place **before** the close of discovery, not after.

      A.    Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference): <u>March 1, 2023</u>

      B.    Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays): <u>March 15, 2023</u>

      C.    Deadline for affirmative expert reports and disclosure of lay witness opinion

|   |   | testimony with related information and documents: | April 28, 2023 |
|---|---|---|---|
|   | D. | Deadline for rebuttal expert reports (if any): | May 26, 2023 |
|   | E. | Deadline to complete discovery: | June 30, 2023 |
|   | F. | If any Party seeks more than 120 days for discovery, explain why. |   |
|   | G. | Deadline to file motion for summary judgment: | July 31, 2023 |

## VI. Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition? Yes

If yes, what are those dates? 4/4-7, 4/24-27; 5/12

## VII. Electronic Discovery

The Parties do not expect any anticipated problems with electronic discovery. The Parties agree to share and stipulate as necessary to present, preserve and provide emails and other electronic communications relevant to the issues.

The Parties have not agreed to an ESI stipulation.

## VIII. Protective Orders and Confidentiality Agreements

The Parties do not anticipate the need for a protective order.

## IX. Alternative Dispute Resolution

A. The Parties not engaged in extensive settlement discussions as equitable relief is sought.

B. The Parties have not discussed alternative dispute resolution based on the nature of the relief sought.

  C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

   Plaintiff – David F. McComb, Esq.

   Defendant – Gino P. Mecoli, Esq.

**X.** **Consent to Send Case to a Magistrate Judge**

The Parties consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c). Consent provided.

**XI.** **Service By Electronic Means**

The parties consent to service of pleadings and discovery via email pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**XII.** **Policies and Procedures**

The Parties and their counsel further acknowledge by signing below that Judge Wolson will strike pleadings and other submissions that do not comply with his Policies and Procedures.

**Other Matters**

N/A.

| | |
|---|---|
| **ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER & TODDY, P.C.** | **REILLY, MCDEVITT & HENRICH, P.C.** |
| By: ___*David F. McComb*___<br>David F. McComb, Esq.<br>Attorney for Plaintiffs | By: ___*Gino P. Mecoli*___<br>Gino P. Mecoli, Esq.<br>Attorney for Defendant,<br>Sovereign Property<br>Management, LLC |